WO                                                                                                          **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Lorenzo Hernandez,) No. CV 06-2453-PHX-MHM-DKD
)
    Plaintiff,) **ORDER**
)
vs.)
)
Joseph Arpaio,)
)
    Defendant.)
)

In this civil rights action brought by a county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. # 6). Plaintiff failed to respond, although he was informed of his rights and obligations to do so (Doc. # 7). The Court will grant the motion to dismiss.

**I. Exhaustion**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to

decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. A court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## II. Analysis

In his Complaint, Plaintiff alleged that at the Lower Buckeye Jail (1) the meals are insufficient and spoiled; (2) the conditions are overcrowded ; and (3) the conditions are unsanitary. (Doc. #1 at 4-6). For all three claims, Plaintiff acknowledged that a grievance system existed at the jail, but that he did not grieve his claims (Id.). The Court required Defendant Maricopa County Sheriff Joseph Arpaio to answer (Doc. # 3).

Defendant Arpaio moved to dismiss for lack of exhaustion, relying primarily upon the affidavit of Sergeant Susan E. Fisher, a Hearing Officer for inmate discipline and grievances. Fisher asserts that Plaintiff did not file any grievances during his incarceration at the Lower Buckeye Jail (Fisher Aff. ¶ 4-5, Ex. 1, Doc. # 6).

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. # 7). He was specifically informed that if Defendant showed that he failed to exhaust, his action would be dismissed unless he produced controverting evidence (Id. at 2).

Plaintiff still failed to respond. Thus, Plaintiff has not rebutted Defendant's evidence that Plaintiff did not file any grievances while in Maricopa County custody. Plaintiff simply cannot rest on his allegations in his Complaint. On this record, Defendant has met his burden of demonstrating the absence of exhaustion, and the Court will grant his motion to dismiss.

## III.   Lack of a Response

Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss. Plaintiff was warned of this possibility (Doc. #12). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation,

1  (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the
2  public policy favoring disposition of cases on their merits, and (5) the availability of less
3  drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
4  1986)). If the court does not consider these factors, the record may be reviewed
5  independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

6  The first three factors do not favor Plaintiff. There is no risk of prejudice to
7  Defendant to resolve the motion in his favor, and judicial efficiency also favors resolution
8  of this action. The fourth factor of favoring disposition of cases on their merits weighs in
9  favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic
10 sanction. In light of the overall five-factor analysis weighing in Defendant's favor, the Court
11 will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

12 **IT IS ORDERED** that Defendant Arpaio's motion to dismiss (Doc. # 6) is **granted**.
13 Plaintiff's action is dismissed without prejudice for lack of exhaustion or alternately, for
14 failure to respond. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. # 9) is **denied as**
15 **moot.** The Clerk of Court shall enter a judgment of dismissal accordingly.

16 DATED this 27th day of April, 2007.

_____
Mary H. Murguia
United States District Judge